**Surinder Kumar ARORA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71958.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 1, 2010.

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Surinder Kumar Arora, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because the IJ made a specific and cogent demeanor finding, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003), and because Arora's testimony regarding his injuries was inconsistent with his medical documents, *see Goel v. Gonzales*, 490 F.3d 735 (9th Cir.2007) (per curiam). In the absence of credible testimony, Arora's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Arora's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.